UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.3:11-CR-00082-12 |
| v. ) | JUDGE TRAUGER |
| ) | |
| ) | ~~UNDER SEAL~~ |
| TONY WAYNE HEDGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF FORFEITURE CONSISTING OF A
$750,000.00 UNITED STATES CURRENCY MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Tony Wayne Hedge's guilty plea as to Count One of the Superseding Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, and as a result of Defendant Tony Wayne Hedge's failure to provide a $7,000 cashier's check to the United States Marshals Service not later than 30 days before the sentencing date set by the Court (September 6, 2012) pursuant to the terms of the Plea Agreement, Defendant Tony Wayne Hedge shall forfeit to the United States his interest in $750,000.00 United States currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $750,000.00 United States currency is proceeds from the offense(s) of which Defendant was convicted and Defendant shall be jointly and severally liable with co-defendants who may be sentenced to forfeiture for said amount.

2. The Court has determined, based on relevant and reliable evidence, including evidence already in the record, the written Plea Petition and Sealed Plea Agreement dated December 19, 2011 entered herein between the United States and Defendant Tony Wayne Hedge and any additional evidence or information submitted by the parties, including the factual basis agreed to by the United States and Defendant at pages four through twelve, paragraph 8 and related paragraphs 19 through 21 of the Sealed Plea Agreement, and the facts set forth at the plea colloquy on December 19, 2011 that $750,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the currency and the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 21 U.S.C. § 853 and the terms of the Defendant's Plea Agreement, Defendant shall forfeit to the United States the sum of $750,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against the Defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $750,000.00 United States currency shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or Defendant have, as of this date, identified specific assets that were derived from the $750,000.00 in proceeds attributable to the offenses for which Defendant has been convicted. Nor has the United States or

Defendant yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).  Therefore, as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty.   Therefore, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a  Money Judgment of $750,000.00 United States currency to substitute property having a value not to exceed $750,000.00 United States currency to satisfy the Money Judgment in whole or in part.

6. This Money Judgment against Defendant Tony Wayne Hedge shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $750,000.00 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

7. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

8. This Order is in continuing and full effect until payment of the $750,000.00 is made in full.

9.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 6th day of September, 2012.

                                                                                   JUDGE TRAUGER
                                                                                   UNITED STATES DISTRICT JUDGE